```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------x

 ROBERT WILSON,

                    Plaintiff,              MEMORANDUM & ORDER
                                            25-CV-5132(EK)(ST)
               -against-

 UNITED STATES OF AMERICA et al.,

                    Defendants.

--------------------------------------x
```

ERIC KOMITEE, United States District Judge:

Plaintiff Robert Wilson filed this action on September 10, 2025, alleging violations of various whistleblower laws. Compl., ECF No. 1. Proceeding *pro se*, plaintiff moves to proceed *in forma pauperis*. ECF No. 2. For the reasons set forth below, that motion is denied without prejudice.

Under 28 U.S.C. § 1914, the filing fee to commence a civil action is $350, with an additional administrative fee of $55, for a total of $405. Under 28 U.S.C. § 1915, the Court may waive the filing fee upon finding a plaintiff indigent. Plaintiff indicates that he receives pension and disability income but he does not indicate the amount he receives each month from these sources. ECF No. 2, at 1. Based on the lack of information, the Court is unable to find that he is entitled to proceed *in forma pauperis*.

Plaintiff has also moved to disqualify the undersigned and the assigned magistrate judge, arguing, without identifying any facts, that "the actions of the Judges in this matter have departed from . . . constitutional and ethical standards."  ECF No. 3, at 2.  "A federal judge must recuse herself in any proceeding where her 'impartiality might reasonably be questioned'" or "where the judge 'has a personal bias or prejudice concerning a party.'" *United States v. Morrison*, 153 F.3d 34, 48 (2d Cir. 1998) (quoting 28 U.S.C. § 455(a), (b)(1)).  The need for recusal arises when "an objective, disinterested observer fully informed of the underlying facts [would] entertain significant doubt that justice would be done absent recusal."  *United States v. Amico*, 486 F.3d 764, 775 (2d Cir. 2007).  Here, plaintiff has not identified a valid basis for disqualification.  *See Watkins v. Smith*, 561 F. App'x 46, 47 (2d Cir. 2014) ("[T]he fact that [parties] were unhappy with the district court's legal rulings and other case management decisions is not a basis for recusal . . . .").

Plaintiff has also filed several motions for a default judgment.  ECF Nos. 8, 10, 13.  Those motions are denied, as plaintiff has not yet obtained a certificate of default.  *E.g.*, *New York v. Green*, 420 F.3d 99, 104 (2d Cir. 2005)

Should plaintiff wish to proceed with this action, he must either (1) pay the requisite filing fee to the Clerk of

Court, or (2) submit a valid long-form *in forma pauperis* application.  If plaintiff fails to do either within fourteen days, this action will be dismissed.  The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore denies *in forma pauperis* status for the purpose of an appeal.  *Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).  The Clerk of Court is respectfully directed to mail a copy of this order to plaintiff and to note the mailing on the docket.

SO ORDERED.


_/s/ Eric Komitee_____
ERIC KOMITEE
United States District Judge


Dated:    February 4, 2026
          Brooklyn, New York